### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

FEDERAL TRADE COMMISSION,

      Plaintiff,

vs.

PAUL L. FOSTER                                                    No. CIV 07-352 JB/ACT
WESTERN REFINING, INC. and                          **PUBLIC VERSION**[1]
GIANT INDUSTRIES, INC.,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion of the Federal Trade Commission

for an Injunction Pending Appeal Pursuant to Fed. R. Civ. P. 62(c) or, in the Alternative, an

Injunction Pending Resolution by the Court of Appeals of an Emergency Motion for an Injunction,

filed May 29, 2007 (Doc. 249)("Motion for Injunction Pending Appeal").  The Court held a hearing

on the motion on May 30, 2007.  The primary issue is whether the Court should enjoin the proposed

merger between Defendants Western Refining, Inc. ("Western") and Giant Industries, Inc. ("Giant")

pending appellate review of the Court's denial of Plaintiff Federal Trade Commission's request for

a preliminary injunction.  Because the Court finds: (i) that the Federal Trade Commission ("FTC")

is not likely to succeed on the merits; (ii) that irreparable harm will not result if an injunction is not

ordered; (iii) that an injunction would harm Western and Giant; and (iv) that the risk of harm to the

public interest is minimal, the Court will deny the FTC's request for an injunction pending appeal.

---

[1]

Portions of this document have been redacted to protect confidential information.

## PROCEDURAL BACKGROUND

The Court held a hearing on the FTC's motion for preliminary injunction on May 7-11, 2007. The Court ultimately found in favor of the Defendants in denying the FTC's motion for preliminary injunction to prevent the planned merger of Western and Giant. See Memorandum Opinion, Findings of Fact, Conclusions of Law, and Order at 1, filed May 29, 2007 (Doc. 247)("May 29, 2007 Opinion"). Failing to secure this relief, the FTC has filed an appeal of the Court's ruling. See Notice of Appeal, filed May 29, 2007 (Doc. 248).

*[SEALED PORTION REMOVED].* The Defendants have agreed not to consummate their proposed transaction until noon MDT, Thursday, May 31, 2007. See Motion for Injunction Pending Appeal at 1 & n.1. If the Court or the United States Court of Appeals for the Tenth Circuit do not grant an injunction pending appeal, the Defendants will be free to consummate the proposed merger after noon MDT, Thursday, May 31, 2007. See id.

The FTC now seeks the remedy of an injunction pending appeal. The FTC requests that the Court, pursuant to rule 62(c) of the Federal Rules of Civil Procedure, enjoin the proposed merger between Western and Giant, pending the Tenth Circuit's review of the Court's denial of the FTC's request for a preliminary injunction. See Motion for Injunction Pending Appeal at 1. In the alternative, the FTC requests that the Court temporarily enjoin the proposed merger pending the Tenth Circuit's decision on the FTC's emergency application before that court for an injunction pending appeal. See id.

## LEGAL STANDARD FOR AN INJUNCTION PENDING APPEAL

Rule 62(c), in relevant part, states:

When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Fed. R. Civ. P. 62(c).  An injunction pending appeal is an extraordinary remedy.  In determining whether to issue an injunction pending appeal pursuant to rule 62(c), the court should consider the following factors: "[i] whether the [movant] has made a strong showing that [it] is likely to succeed on the merits; [ii] whether the applicant will be irreparably injured absent a[n injunction]; [iii] whether issuance of the [injunction] will substantially injure the other parties interested in the proceeding; and [iv] where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  See In re Lang, 414 F.3d 1191, 1201 (10th Cir. 2005)(quoting Hilton v. Braunskill, 481 U.S. at 776).

Where the moving party establishes that the three "harm" factors "tip decidedly in its favor," the "likelihood of success" factor is "somewhat relaxed."  FTC v. Mainstream Mktg. Servs., Inc., 345 F.3d 850, 852 (10th Cir. 2003).  In such circumstances, a likelihood of success on the merits is demonstrated if the movant raises "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation."  Id. at 853.  "A number of courts have held that when equitable factors strongly favor interim relief, the court is not required to find that ultimate success by the movant is a mathematical probability and may grant a stay even though its own approach may be contrary to movant's view of the merits."  Thiry v. Carlson, 891 F. Supp. 563, 566 (D. Kan. 1995)(internal quotations and citations omitted).

"There is . . . a considerable reluctance in granting an injunction pending appeal when to do

so, in effect, is to give the appellant the ultimate relief he is seeking." 11 C. Wright, A. Miller, & M.

Kane, Federal Practice & Procedure § 2904 (2d. ed. 2007).  It appears that the only things courts

addressing this situation have done is: (i) deny the FTC's emergency motion; or (ii) give the FTC

more time to get to the courts of appeals.

**ANALYSIS**

The FTC argues that the Court's denial of its motion for a preliminary injunction raises

substantial issues for the Tenth Circuit to resolve.  See Motion for Injunction Pending Appeal at 2.

The FTC contends that an injunction pending appeal is necessary to preserve the status quo, which

would otherwise be irreparably altered.  See id. at 4-5.  The FTC also contends that an injunction

pending appeal would prevent irreparable injury to consumers and to competition.  See id. at 4-5, 6-7.

The Court disagrees with the FTC.  The FTC is asking, in certain respects, for the same or similar

relief, pending appeal, to which the Court decided yesterday the FTC was not entitled.  Because the

Court finds that the FTC has not met its burden under rule 62(c), the Court will deny its request to

enjoin the proposed merger pending appeal.

**I.      THE FTC HAS NOT SHOWN A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON
         THE MERITS.**

The Court need not decide, as the Defendants assert, whether the FTC's motion is pro forma

for the agency.  The FTC is entitled to ask the Court to enjoin the merger.  The Court will consider

the FTC's request as thoroughly as time permits.

The harm factors do not weigh strongly in favor of interim relief.  The FTC does not,

therefore, receive the benefit of a relaxed likelihood-of-success-on-the-merits factor.  See FTC v.

Mainstream Mktg. Servs., Inc., 345 F.3d 852 (noting that, where the three harm factors favor the

granting of an injunction pending appeal, the probability of success on the merits factor is somewhat

relaxed).  Assessing whether the FTC is likely to succeed on the merits, as that factor is ordinarily

examined, the Court finds that the FTC is unlikely to succeed on the merits and will not grant the

injunction that the FTC requests.

The FTC contends that it has presented a substantial case on the merits.  Even if "substantial

case" were the standard for this motion, the Court does not agree that the FTC has met that lower

standard.  While the Court, at the temporary restraining order hearing, agreed with the FTC that there

was a substantial case, five days of hearing and two weeks of studying the transcript and exhibits have

convinced the Court that the FTC's case does not raise substantial issues about the proposed

Western-Giant merger.

The FTC contends that there are questions concerning: (i) whether the elasticity of demand

for gasoline in the Albuquerque market is such that an additional 1,400 barrels per day will depress

prices consumers pay by approximately ten cents per gallon; (ii) whether Flying J is a potential bulk

supplier to northern New Mexico; (iii) the amount of bulk gasoline trucked into the Albuquerque

market; (iv) whether the Plains pipeline will be expanded and, if so, whether the expansion can be

completed in a relatively short period of time; and (v) whether there are potential bulk gasoline

suppliers to the Albuquerque market who do not currently have access to the three pipelines serving

the Albuquerque market.  See id. at 3-4.  The Court dealt with these issues extensively in its order

yesterday, and the FTC does not point out how the Court is in error.  Given the Court's prior work

on these issues, the Court does not believe that these questions are substantial, because they are

primarily based on a single Giant document and on the econometric model of the FTC's economic

expert.  See May 29, 2007 Opinion at 80-93.  As the Court has already explained in detail, this theory

and methodology is flawed.  See id.

Because the FTC has not convinced the Court it is likely to succeed on the merits, because

the FTC's case does not raise a substantial issue, and because the remaining factors to be considered

do not counsel the issuing of an injunction, the Court will not enjoin the proposed merger to maintain

the status quo pending the Tenth Circuit's determination of the merits of the FTC's appeal.

**II.     THERE WILL NOT BE IRREPARABLE HARM IF THE PROPOSED MERGER IS
         NOT ENJOINED PENDING APPEAL.**

If the Court does not issue an injunction pending appeal, the Defendants will be free to

consummate the proposed transaction after noon MDT, on May 31, 2007.  See Motion for Injunction

Pending Appeal at 1 n.1.  That does not mean as the FTC suggests, however, that the FTC will be

effectively foreclosed from obtaining adequate relief if the Western-Giant merger is ultimately found

to be illegal in the administrative proceeding the FTC commenced on May 3, 2007.  See id. at 4.  The

Court does not believe the proposed merger is a complex one.  While, if the Court denies the FTC's

request for an injunction pending appeal and the proposed merger is consummated, divestiture would

be the only relief available to the FTC, the FTC has not shown that divestiture will be difficult in this

case.

The FTC argues that, historically, it has proven difficult to split ongoing operations into two

viable entities when enforcing divestiture orders.  See id. (citing FTC v. Dean Foods Co., 384 U.S.

597, 606 n. 5 (1966)("[E]xperience shows that the [FTC]'s inability to unscramble merged assets

frequently prevents entry of an effective order of divestiture."); FTC v. PPG Indus., Inc., 798 F.2d

1500, 1508-09 (D.C. Cir. 1986); FTC v. Warner Commc'ns Inc., 742 F.2d 1156, 1165 (9th Cir.

1984); FTC v. Exxon Corp., 636 F.2d 1336, 1342 (D.C. Cir. 1980)("Mergers . . . are often followed

by a commingling of assets and other substantial changes in the structures of the enterprises involved. Once those changes occur, it is often impossible for the Government to compel a return to the status quo, and the legality of the challenged merger . . . may become essentially [] moot. . . .")).  The FTC also submits that Congress gave the FTC the power to seek pre-merger injunctive relief because Congress recognized the deficiency inherent in divestiture.  <u>See</u> Motion for Injunction Pending Appeal at 4-5 (citing <u>FTC v. H.J. Heinz Co.</u>, 246 F.3d 708, 726 (D.C. Cir. 2001)).        T h e problem with the FTC's argument is that it does not make a reasonable showing why divestiture in this case would be difficult.  While the FTC contends that restoring competition through a divestiture following an administrative proceeding would be extremely difficult, if not impossible, the evidence to which the FTC points does not support its position.  For example, the FTC points to testimony that the elimination of Giant from the market will disrupt Giant's longstanding relationships with distributors or "jobbers."  Motion for Injunction Pending Appeal at 5 (citing Hearing Transcript at 386-387 (Morrison); 506; 510-511; 519 (White)(taken May 7-11, 2007)("Transcript")).  The Court has difficulty, however, crediting this testimony in the manner that the FTC would like.  Even if its current business relationships are disrupted, it is unlikely that Giant will be unable to sell its production to its present distributors if it is ordered to separate from Western in the future.

The FTC's other concerns have similar problems.  The FTC argues that the record indicates that Western will abandon the crude oil contract that Giant established for its new crude oil pipeline and use an alternative source.  <u>See</u> Motion for Injunction Pending Appeal at 5 (citing Transcript at 740-741 (Foster)).  The record also reveals, however, that Western is securing a new source.  The FTC also points out that Western indicates that it intends to consolidate operations after the merger, eliminating personnel and infrastructure.  <u>See</u> Motion for Injunction Pending Appeal at 5 (citing

Transcript at 739-741, 761 (Foster)).  There is no reason to think, however, that Giant could not hire

quality new people.  Additionally, the FTC contends that, once Western has control of Giant's assets,

unless the Court grants an interim injunction, there is nothing to prevent Western from taking actions

that will make obtaining meaningful relief, if the FTC prevails on its appeal and in its administrative

proceeding, impossible.  See Motion for Injunction Pending Appeal at 5.  The Court cannot deal

effectively with such an open-ended concern.  Finally, the FTC submits that it may be difficult to find

a purchaser for Giant's assets in the event divestiture is ordered.  See id. at 5.  Chances are, their will

always be a market for a refinery; Western may have to sell at a depressed price.

In the end, the FTC does not offer evidence to show that these various statements and

possibilities concerning the actions Western may take are firm commitments or certainties.  More

importantly, the FTC does not demonstrate that these potentialities could not be reversed or mitigated

if divestiture was ordered.  The Court does not believe, given the record before it, that, if required,

a divestiture would be impossible to complete successfully.  The Court therefore cannot find that

irreparable harm would result if an injunction pending appeal is not issued.

***[SEALED PORTION REMOVED]**.*  The Court is convinced that the FTC is again asking

the Court for, in effect, dispositive relief.  Moreover, the Court need not do anything to let the parties

get to the Tenth Circuit.  The FTC is already seeking an injunction pending appeal from the Tenth

Circuit.

### III.   THE ENJOINING OF THE PROPOSED MERGER PENDING APPEAL COULD IRREPARABLY HARM THE DEFENDANTS.

The Court cannot say, as the FTC asserts, that enjoining the proposed merger while the FTC

appeals the Court's order would not cause the Defendants irreparable harm.  The FTC argues that

the same physical assets -- refineries, pipelines, and service stations -- that Western proposes to acquire now will still be available to it, following an appeal, if the Tenth Circuit refuses to issue the injunction the FTC requests.  See Motion for Injunction Pending Appeal at 5-6.  ***[SEALED PORTION REMOVED].***

The FTC expects to seek an expedited appeal from the Tenth Circuit and argues that any incremental delay the granting of an injunction pending appeal may occasion will cause little, if any, harm to the Defendants.  See Motion for Injunction Pending Appeal at 5.  The FTC and this Court would be speculating, however, in assuming an expedited appeal.  For purposes of this motion, the Court must assume that a regular appeal and an expedited appeal are equally likely, and consider the harm to the Defendants of a regular appeal.

With respect to the Defendants' assertion that their financing commitments expire on May 31, 2007, the FTC responds that, if the financiers supported the proposed merger when it was announced and have continued to support it over the past several months, there is no reason they would not continue to support the proposed merger for the several weeks needed to resolve an expedited appeal.  See id. at 6 (citing FTC v. H.J. Heinz Co., 246 F.3d at 726 (finding no irreparable harm and stating "[i]f the merger makes economic sense now, the appellees have offered no reason why it would not do so later").  Putting aside the FTC's assumption that the Tenth Circuit will expedite its appeal, the FTC's argument does fully reflect the complexity of a corporate merger.  It is often difficult or impossible for businesses to wait fourteen plus months while the FTC determines whether a merger is anti-competitive.  ***[SEALED PORTION REMOVED].***

The Court finds that issuing an injunction pending appeal would eliminate many of the benefits that the proposed merger promised when the Defendants contemplated it.  The Court concludes that

the elimination of those benefits could irreparably harm Western.  Thus, the Court cannot say that

enjoining the proposed merger pending appeal would not irreparably harm the Defendants.

## IV.   AN INJUNCTION PENDING APPEAL IS NOT NECESSARILY IN THE PUBLIC INTEREST.

The FTC argues that the substantial public interest in maintaining free, open, and competitive

markets far outweighs any disadvantages the delay this appeal will create may have on the

Defendants' plans.  See Motion for Injunction Pending Appeal at 6-7.  The FTC contends that denial

of an injunction pending appeal would undermine the strong public interest in effective enforcement

of the antitrust laws by denying the public the benefit of full and complete relief should the FTC

ultimately prevail.  See id. at 6.  The FTC asserts, moreover, that substantial harm to competition will

likely occur during the pendency of this appeal, the administrative proceeding, and any subsequent

appeals if the proposed merger is allowed to be consummated.  See id.

The FTC bases its public interest argument on its projection that gasoline prices will rise if

the merger proceeds.  See id. at 6.  The FTC maintains that it has demonstrated in its submissions

supporting its motion for a preliminary injunction, with "compelling evidence," that, as a direct result

of the elimination of competition between Western and Giant in the bulk supply of gasoline to the

northern New Mexico market, significant new volumes of gasoline will not be delivered into this

market, resulting in higher prices to consumers.  Id.  The FTC rests its argument on the testimony of

its economic expert who indicated that consumers will pay approximately $1,000,000.00 per week

more for gasoline if the proposed merger goes forward.  See id. (citing Transcript at 650-51 (White)).

The FTC contends that, in the face of such likely consumer harm, and because of the

deficiencies in the remedy of divestiture, the public interest will be harmed if Western and Giant do

not remain independent competitors while the Tenth Circuit assesses the merits of the Court's denial

of the FTC's motion for a preliminary injunction.  See Motion for Injunction Pending Appeal at 6-7.

The Court is not persuaded that an injunction pending appeal is in the public interest.  The

Court finds and has found that there is not a substantial likelihood that the proposed merger will have

anti-competitive, price-increasing effects.  See May 29, 2007 Opinion at 107-10.  The Court

specifically addressed why it did not believe the merger would result in the price increase that the

FTC fears.  The FTC has not attempted to explain how the Court is wrong.  The Court therefore

believes that enjoining the merger would not benefit the public interest by maintaining competition

and price levels.  Further, as the Court stated in its May 29, 3007 Opinion and explained above, it

believes that, if the proposed merger were ultimately found to violate the Clayton Act, divestiture

would prove an adequate remedy.  See id. at 95.  The FTC has not shown the Court that divestiture

would be an inadequate form of redress.  The Court concludes that divestiture could provide the

public full and complete relief if it is ordered.  The Court cannot say that an injunction pending appeal

is in the public interest.

Because the Court concludes that the FTC is unlikely to succeed on the merits and because

the three "harm" factors do not counsel in favor of granting the injunction the FTC requests, the

Court will deny the FTC's motion for an injunction pending appeal.  For the same reasons, and

because the Tenth Circuit will have, before the merger is consummated, an opportunity to enjoin the

proposed merger pending appeal if it believes doing so is warranted, the Court will also deny the

FTC's alternative request that the Court issue a temporary injunction pending the Tenth Circuit's

review of the FTC's emergency application for an injunction pending appeal.

**IT IS ORDERED** that the Motion of the Federal Trade Commission for an Injunction

Pending Appeal Pursuant to Fed. R. Civ. P. 62(c) or, in the Alternative, an Injunction Pending

Resolution by the Court of Appeals of an Emergency Motion for an Injunction is denied.  The FTC's

request that the Court grant an injunction pending the appeal of the order denying the motion for

preliminary injunction is denied.  The FTC's alternative request that the Court enjoin the proposed

merger pending the resolution by the Tenth Circuit of an emergency motion for an injunction pending

appeal is also denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Deyonna Young
  Assistant Attorney General
Litigation Division (Antitrust)
Office of the New Mexico
  Attorney General
Special Deputy to the Federal
  Trade Commission
Albuquerque, New Mexico

-- and --

Michael Bloom
  Director of Litigation
Thomas J. Lang
  Senior Litigation Counsel
John Andrew Singer
Peter Richman
  Litigation Counsel
Bureau of Competition
Federal Trade Commission
Washington, D.C.

     *Attorneys for the Plaintiff*

Andrew G. Schultz
Henry M. Bohnhoff
Patrick M. Shay
Thomas A. Outler
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

  *Attorneys for the Defendants*

Lowry Barfield
Western Refining, Inc.
El Paso, Texas

-- and --

Marc G. Schildkraut
Michael P.A. Cohen
David F. Smutney
Heller Ehrman, LLP
Washington, D.C.

   *Attorneys for Defendants Paul L. Foster*
    *and Western Refining, Inc.*

Kim H. Bullerdick
Giant Industries, Inc.
Scottsdale, Arizona

-- and --

Hugh R. Whiting
Tom D. Smith
Jones Day
Washington, D.C.

   *Attorneys for Defendant Giant Industries, Inc.*