IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.                                                                                                                  No. CIV 07-00352 JB/ACT

PAUL L. FOSTER,
WESTERN REFINING, INC.

and

GIANT INDUSTRIES, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's First Motion to Compel Production of Documents by Giant Industries, Inc., filed April 25, 2007 (Doc. 125)("Motion"). The Court held a hearing on this motion on May 3, 2007. The primary issue is whether the Court should order Defendants Paul L. Foster, Western Refining, Inc., and Giant Industries, Inc. to produce documents and answers that it has heretofore refused to provide to the Plaintiff Federal Trade Commission ("FTC"). Consistent with the Court's ruling at the hearing on this motion, for the reasons given at the time of the hearing, and because the Court believes the Plaintiff's Requests for Production and Interrogatories are appropriate and request relevant information, the Court will grant the Plaintiff's motion in part and deny it in part.

## PROCEDURAL BACKGROUND

Pursuant to the Court's April 20, 2007 Stipulated Order Regarding Preliminary Hearing and Pre-Hearing Schedule and Arrangements, all parties were required to "complete the exchange of

document requests" by April 20, 2007, and "to the extent not previously produced to the opposing parties," to "complete productions in response to document requests" by April 23, 2007. Stipulated Order Regarding Preliminary Injunction Hearing and Pre-hearing Schedule and Arrangements at 1, filed April 20, 2007 (Doc. 83)("Stipulated Order). The FTC complied with the Stipulated Order's directive by initially e-mailing its discovery requests on April 17, 2007, to Tom D. Smith, counsel of record for Giant, see Appendix to Plaintiff's Memorandum of Points and Authorities in Support of its First Motion to Compel Production of Documents by Giant Industries, Inc., filed April 25, 2007 (Doc. 127)("Appendix"), Exhibit 5, E-mail from Andrea Ryan to Marc Schilkraut and Tom D. Smith (dated April 17, 2007), and formalizing the April 17, 2007 e-mail request with discovery requests dated April 20, 2007, see id., Exhibit 2, E-mail Request for Production (dated April 20, 2007).

The FTC supplied its production in response to Giant's First Requests for Production of Documents, which Giant served on April 19, 2007. See Plaintiff's Memorandum of Points and Authorities in Support of its First Motion to Compel Production of Documents by Giant Industries, Inc. at 2, filed April 25, 2007 (Doc. 126)("Memo"). The FTC provided its production to Giant in three segments, beginning with a production on April 16, 2007, which the FTC supplemented on April 19, 2007. See id. at 2. The FTC timely completed its document production on April 23, 2007. See id.

On April 24, 2007, Giant e-mailed to the FTC, Defendant Giant Industries, Inc.'s Response to Plaintiff's First Request for Production of Documents, which summarized Giant's expected responses to the FTC's discovery requests. See Certificate of Service, filed April 24, 2007 (Doc. 114). On April 25, 2007, two days after the April 23, 2007 deadline that the Stipulated Order imposed, Giant made a response to the FTC's First Request. See Memo at 2. Giant did not provide

any response to eleven out of twenty-four requests for documents, primarily on the basis of their allegedly over-broad and unduly burdensome nature. See Request for Production Response Nos. 3, 4, 5, 8, 9, 10, 11, 12, 15, 21 and 24; Memo at 2.

On April 24, 2007, the FTC attempted to reach an agreement with Giant concerning the outstanding response. Giant's counsel, Mr. Smith, indicated that Giant had not tried to search for any responses to the requests and that it would refuse to do so unless and until the FTC narrowed its request to a specified list of custodians who, in the FTC's view, would be most likely to have responsive data. See Declaration of Jolanta Sterbenz, ¶ 6, at 1 (dated April 25, 2007)("Sterbenz Declaration").

The FTC moves the Court, pursuant to rule 37(a) of the Federal Rules of Civil Procedure, for an order compelling Giant to produce all documents identified in Plaintiff's First Request for Production of Documents to Defendant Giant Industries, Inc., and to impose sanctions upon Giant for failure to produce timely discovery. See Memo at 6. The FTC argues that, to cure the prejudice to it that Giant's failure to perform its obligations has caused, the Court should: (i) order Giant to provide all non-privileged documents that Giant has refused or failed to produce, despite a court-ordered April 23, 2007 deadline; (ii) prohibit Giant from using in the preliminary injunction hearing any documents produced pursuant to any order resulting from this motion as they would be produced too late for the FTC's use in depositions of Giant witnesses; (iii) prohibit Giant from referring to any expert witnesses' written testimony, and introducing any evidence experts or expert witnesses prepared for the preliminary injunction hearing in this matter; and (iv) prohibit Giant's experts from using any documents produced after April 23, 2007. See Motion at 1-2. The Defendants oppose the FTC's motion. See Defendant Giant Industries' Response in Opposition to Plaintiff's First Motion to Compel Production of Documents, filed April 27, 2007 (Doc.

144)("Response").

## RULE 37(a)

Rule 37(a) of the Federal Rules of Civil Procedure provides, in relevant part:

**(a) Motion for Order Compelling Disclosure or Discovery.**

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

**(1) Appropriate Court.**

An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.

**(2) Motion.**

**(A)** If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

**(B)** If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. . . .

**(3) Evasive or Incomplete Disclosure, Answer, or Response.**

For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

Fed. R. Civ. P. 37(a).

## ANALYSIS

On the record before the Court, much of what the parties discuss and dispute in their briefing

is somewhat theoretical. There may be documents that need to be produced, and there may not be. The Court cannot make this determination on the record before it, and the Court is not convinced that Giant can make the determination with the work it has done.

The Court is reluctant to start entering severe sanctions at this stage until it knows what is out there and what is being withheld, if anything. There has been a tremendous amount of information produced, and the Court is concerned that the parties are going to have more information than they can possibly submit and discuss at the preliminary injunction hearing. On the other hand, the FTC is entitled to discovery. The FTC warned the Court that it was scheduling the injunction hearing too soon. Nonetheless, the Defendants pushed for a quick setting. Giant thus has to meet its discovery obligations.

Giant has not provided the requested discovery. Giant's non-compliance with its discovery responsibilities necessitated that the FTC bring this motion. The Court will order Giant to produce documents responsive to the FTC's requests for information.

## I. GIANT'S OBJECTIONS TO THE FTC'S DISCOVERY REQUESTS ARE UNTIMELY.

By the terms of the Stipulated Order, all discovery was to be completed by April 23, 2007. See Stipulated Order at 1. Giant did not produce any response by that deadline. Giant was thus late in its response. By failing to respond before the cutoff date, Giant has waived all objections it may have had to the FTC's discovery requests. See Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). This waiver applies to the failure to object timely to requests for the production of documents. See Knewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988).

Nevertheless, the parties are where they are. The Court needs to figure out where everyone

goes from here. The Court wants to get what the FTC needs without crippling Giant's case.

## II. THE COURT WILL OVERRULE GIANT'S OBJECTION TO THE FTC'S REQUEST.

Giant objects to the FTC's requests for production of documents on the ground that the Court should first require the FTC to identify the specific custodians of the documents in Giant's corporate structure. See Sterbenz Declaration ¶ 6, at 1. Giant does not assert that it does not possess the requested documents, and does not dispute that the documents are within Giant's custody or control. It is Giant's responsibility to search its corporate records for the relevant documents, as the FTC does not have the right to search physically Giant's corporate records. See In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003). Giant's attorney must make a reasonable effort to ensure that his client has produced all documents responsive to the FTC's discovery request. See Poole v. Texton, Inc., 192 F.R.D. 494, 503 (D. Md. 2000).

Under the Federal Rules of Civil Procedure, the FTC has no obligation, or right, to direct the conduct of Giant's discovery process, such as defining the number or identity of custodians to be searched. The duty is on Giant to conduct a reasonable inquiry in the course of responding to requests for production. It is that duty that Giant did not meet. See Anderson v. Cryovac, Inc., 862 F.2d 910, 929 (1st Cir. 1988)("Once a proper discovery request has been reasonably propounded, we will not allow a party . . . to avoid its obligations by . . . failing to examine records within its control."); Farker and Partners, Inc. v. Garber, 234 F.R.D. 186, 189 (C.D. Cal. 2006).

The information that the FTC requests may be relevant to the pending preliminary injunction hearing on its motion for preliminary injunction. The FTC represents that, in particular, its expert needs the data to confirm pricing and market definition analysis, which is a central issue in this case. See Memo at 3. Without the prompt submission of the data, as specified in the Courts' April 20,

2007 Stipulated Order, the FTC's experts' ability to perform additional analysis in time for the May 7, 2007 preliminary injunction hearing may be prejudiced. The FTC's inability to present relevant documents to Giant's witnesses, whom the FTC was deposing, may also prejudice the FTC. Because of the fast approaching May 7, 2007 deadline, the Court was concerned that the FTC would not be able to take adequate depositions in preparation for the hearing.

The majority of the FTC's requests require Giant to update the responses Giant has already submitted in connection with the FTC's review of the proposed transaction pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976. The FTC served Foster and Western with nearly identical discovery requests to those it served on Giant. In contrast to Giant, Foster and Western have attempted to respond to the majority of the FTC's requests. See Appendix, Exhibit 1, Defendants Paul L. Foster and Western Refining, Inc.'s Responses to Plaintiff's First Request for Production of Documents (dated April 23, 2007); Certificate of Service, filed April 24, 2007 (Doc. 115).

The FTC's failure or refusal to identify categories and custodians does not relieve Giant of its discovery obligations. Nevertheless, the FTC now knows a good deal about Giant. To move discovery along, the FTC needs to be more responsive to Giant's questions. Therefore, to expedite production as much as possible, the Court will require the FTC to specify the three categories of information it most needs to prepare for the hearing. It also needs to identify three specific categories of documents from Giant. Giant needs to respond immediately to these requests. Giant needs to send the pleading, signed under rule 11, stating what it has stated in its response to the motion to compel.

Giant then needs to go through its records to find all documents responsive to the requests. If that means producing most of its documents, so be it. It appears that the requested documents are

relevant. Giant must produce all documents in its possession, custody, or control. If the FTC wants those documents and will not narrow the scope of its requests, Giant will need to produce them.

### III. THE COURT WILL REMEDY THE DISCOVERY VIOLATION AND PREJUDICE BY DISALLOWING GIANT FROM USING ANY DOCUMENTS THAT IT MAY SUBSEQUENTLY PRODUCE.

Giant is already late in producing the documents that the FTC represents it needs to proceed with the May 7, 2007 preliminary injunction hearing. The principal prejudice to the FTC is the possible inability for the FTC's expert witnesses to have the documents necessary for their review before their testimony on May 7, 2007, as well as the FTC's inability to take adequate depositions of Giant's witnesses before the hearing on the preliminary injunction. For the present time, to remedy the prejudice the FTC has already suffered and prevent further prejudice, the Court will bar Giant from introducing documents that it has not yet produced; if Giant wishes to introduce documents not heretofore produced, it will need to seek and receive permission to do so from the FTC and/or the Court. While the Court will not, at this point, preclude the expert(s) for Giant and Western from testifying, the Court will deny the FTC's request for such preclusion without prejudice so that the FTC may renew the request or motion if a great number of documents that have not been produced are introduced at the hearing. Giant will need to produce to the FTC any documents it has given to its expert. If Giant's experts are relying on documents that have not been produced, the Court will also bar the expert(s) for Giant and Western from providing testimony which relies on documents that have not been produced to the FTC and exclude that portion of their testimony. Further, the Court will order Giant to search for and turn over any documents responsive to the FTC's requests. After the hearing on this motion, if Giant produces documents that the FTC believes are critical to its experts' analyses and preparation, or to its effective taking of depositions of witnesses, the Court will consider continuing or postponing the preliminary injunction hearing

so that the FTC can properly inform its experts and/or re-depose witnesses, or excluding Giant's experts altogether.

**IT IS ORDERED** that the Plaintiff's First Motion to Compel Production of Documents by Giant Industries, Inc. is granted in part and denied in part. Giant is barred from introducing any documents it has not yet produced without the FTC's and/or the Court's specific consent. Giant and its experts are prohibited from introducing testimony based on documents that have not yet been produced to the FTC. Giant must search for and turn over to the FTC all documents responsive to the FTC's requests for production. While the Court overrules the FTC's objection to the testimony of the expert(s) for Giant and Western, it does so without prejudice to the FTC renewing its objection if developments warrant.

**IT IS FURTHER ORDERED** that the FTC, as soon as possible, specify and rank for Giant the three categories of documents it needs most. Giant must then immediately respond to those requests and provide the materials requested as quickly as it can. The FTC should also identify for Giant three specific custodians of the documents it seeks within Giant. Giant must then search through those custodians' documents in an effort to find the documents the FTC requests, and, if such documents are found, immediately provide them to the FTC. Finally, Giant must, in a pleading satisfying rule 11 of the Federal Rules of Civil Procedure, specifically identify which categories of documents it has produced and which categories of documents it has not produced.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Deyonna Young
  Assistant Attorney General
Litigation Division (Antitrust)
Office of the New Mexico
  Attorney General
Special Deputy to the Federal
  Trade Commission
Albuquerque, New Mexico

-- and --

Thomas J. Lang
  Senior Litigation Counsel
John Andrew Singer
Peter Richman
  Litigation Counsel
Bureau of Competition
Federal Trade Commission
Washington, D.C.

    *Attorneys for the Plaintiff*

Andrew G. Schultz
Henry M. Bohnhoff
Patrick M. Shay
Thomas A. Outler
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*

-- and --

Lowry Barfield
Western Refining, Inc.
El Paso, Texas

Marc G. Schilkraut
Michael P.A. Cohen
Heller Ehrman, LLP
Washington, D.C.

    *Attorneys for Defendants Paul L. Foster*

-10-

*and Western Refining, Inc.*

-- and --

Kim H. Bullerdick
Giant Industries, Inc.
Scottsdale, Arizona

Hugh R. Whiting
Tom D. Smith
Jones Day
Washington, D.C.

*Attorneys for Defendant Giant Industries, Inc.*